# Kyker *v.* Hitt.

*Injury to Servant.*

(Decided November 7, 1914.   66 South. 632.)

1. *Charge of Court; Weight of Evidence.*—Where charges each hypothesize a particular theory which found support in the evidence, and correctly instructed the jury that the verdict should be for defendant, if the jury found the facts as hypothesized, such charges were not erroneous as affirmative instruction for the defendant.

2. *Same; Cured by Instructions Given.*—A plaintiff cannot complain of charges given for defendant, where requested charges, given for the plaintiff, cured any misleading tendency of those given at the request of defendant.

3. *Appeal and Error; Harmless Error; Instructions.*—Where the evidence clearly showed contributory negligence on the part of the injured servant, barring recovery the giving of charges erroneously directing a verdict for defendant was harmless.

4. *Master and Servant; Injuries to Servant; Contributory Negligence.*—The evidence examined and held to show that the injured servant was guilty of contributory negligence barring his right of recovery.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by George Kyker, pro ami, against H. H. Hitt, for damages for injuries suffered while in his employment. Judgment for defendant, and plaintiff appeals. Affirmed.

[Kyker v. Hitt.]

F. E. St. John, and E. W. Godbey, for appellant.

Callahan & Harris, for appellee.

Mayfield, J.—Plaintiff, a boy 17 years of age, while working for defendant, in running a machine known as an edger, had his hand cut by its coming in contact with the saws of the machine.

The plaintiff's evidence shows that he knew of the dangers attending the work he was engaged in; in fact, the dangers were obvious. Moreover, he had been told of the danger by the person working with him and aiding him in the operation of the machine, and, in addition, had been cautioned by his father (his next friend in this action), who was present when plaintiff was put to work at this particular machine.

Walter Williams, a witness for plaintiff, the man who was working with him in operating the machine, testified that he cautioned plaintiff and told him he should be careful about his fingers. The plaintiff himself testified on this subject as follows: "My father was at the mill on the forenoon of the day I got hurt. I do not think he was there in the morning. While he was there, I was off-bearing and helping run the edger and rolling dust. He told me to be careful and not reach over after the strips, as the saw would not stop when I said, 'Whoa,' and that it was dangerous."

As to how the injury happened, plaintiff, as a witness for himself, testified, among other things, as follows: "There was a big piece of timber already lying on the floor when we went to work, and we had to put another piece there to get it out of the way of the big saw, and these timbers lay right along where we had to walk to run the edger. We could have moved it and taken it from there, if we had had time. It gave us a

pretty good load to put it there. I was injured about 4 o'clock. I had to hold the plank on the carriage by pressing down on it, and then push the carriage along against the saw, and walk along by the carriage over the timbers. I was holding it down on the front of the carriage, and Williams was holding down back of me. It was all done so quick that I could not tell whether the plank moved or not, but my hand slipped or the plank turned, one or the other, as I stepped off the last piece of timber onto the floor. * * * I observed that if my hand got too close to the saw it would be cut, and it was in line with the saw when I made this observation. If I had not gotten my hand moved it would not have been cut. I do not know how my hand came to get into the saw, except as I passed it, and stepped off the timber, my hand came in contact with the saw. I am not sure that I stumbled. I had been going off that timber all the morning and stepping down the same way, and had been off-bearing and running the edger. * * * I knew the saw teeth were on there. I had seen the saw while it was standing still, and it was four to six inches above the table. They could have explained to me about the machine. I was able to work and could see all right. My front hand was going by the saw, and I was looking at it."

Appellant's main insistence in brief is that the trial court erred in giving several instructions to the jury at the request of the defendant. Those which merit special notice are numbered 32, 34, 35, and 37. These instructions were as follows: "(32) I charge you, gentlemen of the jury, that if you believe from the evidence that the plaintiff was placed at the work of off-bearing from the ripping saw in said mill by W. C. Wilhite, as foreman, and that he was bound to conform to such

[Kyker v. Hitt.]

orders, and without the authority or consent of said Wilhite, or any one else in the service of the defendant with authority to give directions, he left the position of off-bearing at said saw, and under the directions of his father commenced to work at the edger, and there received the injury complained of, you cannot find for the plaintiff under counts 1, 2, 3, 4, 5, 6, 8, 9, and 10 of the complaint, unless it is proven to your reasonable satisfaction that Nash knew he was there and ratified the change."

"(34) Unless the jury believe from the evidence that the work which the plaintiff was required to do in defendant's mill was dangerous and hazardous when performed in the usual way, you cannot find for the plaintiff under the first, second, and third counts of the complaint."

"(35) I charge you, gentlemen of the jury, that if Nash was not present at the time plaintiff commenced work at the edger saw, and did not direct it, but had left the mill for a trip to Birmingham, and the injury happened in his absence, then the defendant would not be liable in this case for the failure of Nash to instruct the plaintiff as to his work, or to warn him as to any dangers connected with the operation of the edger saw. (Plaintiff reserved an exception.)"

("37) If you believe from the evidence that Nash was a competent and fit employee of the defendant, and that the mill floor around the edger saw was free from timbers at the time plaintiff commenced to work, then, under the evidence in this case, the defendant would not responsible for the negligence of Nash in permitting the timbers to accumulate where it was necessary for the plaintiff to walk, and you should not find for the plaintiff under the sixth count of the complaint."

These charges were each proper and free from error, when applied to the pleadings and to the evidence as shown by the record in this case. There was evidence tending to support the respective theories upon which these charges were asked, and the defendant had the right to have the jury instructed as to what the law was, in the event they found the facts to be as hypothesized in the charges. It is contended by appellant that these charges were, in effect, affirmative instructions to find for the defendant, as to the respective counts. This is not the effect of any one of these charges. They each hypothesize a particular theory, which finds support in the evidence, and then correctly instruct the jury that, if they find the facts as hypothesized in the charge, then the law is that they cannot find a verdict for the plaintiff under a particular count referred to in the charge.

If these charges, or any one of them could be said to possess any misleading tendency, such defect was cured by other requested charges given at the request of the plaintiff.

Moreover, if there was any error in the giving of any one of these requested charges, it was clearly without possible injury, for the reason that some of the pleas of contributory negligence were proven without dispute and proven by the plaintiff's own testimony; and it would not have been error to give the affirmative charge for the defendant.

We are not willing to say that there was sufficient evidence to carry the case to the jury on any one of the counts; but as to this we do not decide, because it is unnecessary; but we feel sure that all the evidence shows beyond doubt, that the plaintiff was guilty of negligence which proximately contributed to his own

[Kyker v. Hitt.]

injury, if it was not the sole cause of the injury. We think it impossible to read this evidence without reaching this conclusion.

To sum up the whole case, the evidence shows that this plaintiff negligently and heedlessly allowed his hand to remain on a piece of lumber which was being sawed, until it reached the saw, and was thereby cut. He was aware of the danger. It was perfectly open and patent; and he had been warned of the danger and to look out for his fingers and not let them get close to the saw. The saw was made for the purpose of sawing wood, and plaintiff was then and there using it for that purpose; and he of course knew that if he allowed his hand to come in contact with the saw it would cut his hand. His own evidence shows that he carelessly and heedlessly allowed his hand to come in contact with the saw while it was running, and that, if he had observed even the slightest care as to his own safety, the injury would not have happened.

We are of the opinion that the jury correctly found that the plaintiff was not entitled to recover, and we find no reversible error on the part of the trial court.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.